**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Gwendolyn Watson,                           )    No.  CV-25-00832-PHX-SPL
                                            )
                    Plaintiff,              )
                                            )    **ORDER**
vs.                                         )
                                            )
Desert Financial Credit Union, et al.,      )
                                            )
                    Defendants.             )
                                            )
                                            )

Before the Court is Defendants' Motion to Dismiss (Doc. 15), Plaintiff's Responses (Docs. 16–17[1]), and Defendants' Reply (Doc. 20). Having considered the parties' briefing, the Court now rules as follows.[2]

**I.    BACKGROUND**

On December 8, 2022, Plaintiff visited the Desert Financial Credit Union ("Desert Financial") located at 2355 S. Alma School Road to request notary services. (Doc. 6 at 2, ¶ 7). Before Plaintiff approached a teller, Defendant Gabriel Arrazola brought Plaintiff to

---

[1] Plaintiff claims Defendants' meet-and-confer certification is legally deficient because Defendants did not make a good faith effort to have a meaningful, substantive conversation. (Doc. 17 at 1–2). Defendants note that defense counsel sent Plaintiff a detailed email of their position prior to the meet-and-confer phone call, but Plaintiff declined to amend the Amended Complaint. (Doc. 20 at 5 n.3).

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

his office to review Plaintiff's document. (*Id.* at ¶ 8). After consulting Defendant Laura Warren, Defendant Arrazola allegedly refused to notarize Plaintiff's document because he was uncomfortable with some of the document's language. (*Id.* at ¶¶ 9–10). Plaintiff was then "subjected to condescending, unprofessional conduct by [Defendant] Arrazola and [Defendant] Ja[ir] Rubio Maldonado." (*Id.* at ¶ 11). Plaintiff subsequently left Desert Financial and proceeded to another branch, where Plaintiff had the document notarized without issue. (*Id.* at ¶ 12).

On March 13, 2025, Plaintiff filed a Complaint against Defendants for race and gender discrimination in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a to 2000a-6, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (Doc. 1). The Court dismissed the Complaint with leave to amend as Plaintiff failed to state a claim under Title II and failed to present enough facts for the Court to assess whether a Title VII claim had been alleged. (Doc. 5 at 3–5). Plaintiff filed an Amended Complaint against Defendant Desert Financial on May 29, 2025, alleging claims of race and age discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et. seq.*, Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, *et seq.*, and 42 U.S.C. § 1981.[3] (Doc. 6 at 3). On December 22, 2025, Defendants filed the present Motion to Dismiss. (Doc. 15).

## II.     LEGAL STANDARDS

### A.  Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) ("Rule 12(b)(6) provides the one and only method for testing whether" pleading standards set by Rule 8

---

[3] The Amended Complaint only brings claims against Defendant Desert Financial, though it appears that Plaintiff intended to bring these claims against all Defendants. (Doc. 6 at 2–3; *see generally* Doc. 16).

and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 598–99 (7th Cir. 2006) ("Rule 12(b)(6) does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at \*1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. Rule 12(b)(5)

On a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that service was properly effectuated under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). However, in its discretion, this Court "may treat a motion to dismiss for insufficient service of process as a motion to quash service instead." *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at \*3 (W.D. Wash. Apr. 17, 2015); *see also Stevens v. Sec. Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."). "Where it appears that effective service can be made and there is no

unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Dillard*, 2015 WL 1782083, at *3.

### III.    DISCUSSION

First, Plaintiff alleges that Defendants violated the ECOA by denying her notarial services without a legitimate, nondiscriminatory reason. (Doc. 6 at 3). Defendants argue the claim fails because a notary service is not a credit transaction under the ECOA. (Doc. 15 at 3). The ECOA provides that it is illegal to discriminate against an applicant "with respect to any aspect of a credit transaction." 15 U.S.C. § 1691(a)(1). "'[A]ny aspect of a credit transaction' means 'to prohibit discrimination with respect to those acts surrounding an application for credit that materially affect the applicant's ability to obtain the desired credit.'" *Wellman v. Orcutt*, No. CV-21-30-GF-BMM, 2022 WL 169696, at *3 (D. Mont. Jan. 19, 2022) (citation omitted). Nothing in the Amended Complaint suggests that Plaintiff's request for notary services was related to an application for credit. (*See generally* Doc. 6). Plaintiff argues that what qualifies as a "credit" transaction under the ECOA "is a fact-intensive inquiry inappropriate for resolution under Rule 12(b)(6)," but that is simply false. (Doc. 16 at 3). The ECOA clearly defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d). Plaintiff's notary request does not meet this definition. *See Shaumyan v. Sidetex Co., Inc.*, 900 F.2d 16, 18 (2d Cir. 1990) ("Absent a right to defer payment for a monetary debt, property or services, the ECOA is inapplicable."). For this reason, the ECOA claim fails as a matter of law.

Next, Defendants argue Plaintiff fails to allege sufficient facts to support a Title VI discrimination claim. (Doc. 15 at 3). Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "A prima facie case of discrimination thus requires the plaintiff to present evidence of discriminatory motive,

4

although evidence can be either direct or indirect." *Angela Nails v. Carpenter*, No. CV-22-00194-TUC-RCC, 2022 WL 2066183, at *2 (D. Ariz. June 8, 2022). Title VI creates a private right of action only for cases of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280, 307 n.14 (2001).

Here, the Amended Complaint does not plausibly allege intentional discrimination. The fact that Defendant Arrazola allegedly expressed discomfort with Plaintiff's document does not sufficiently show that Defendant Arrazola conducted himself in that manner because Plaintiff is African American. (Doc. 6 at 2–3, ¶¶ 9, 20); *see Moralez v. Whole Foods Mkt. Cal., Inc.*, No. 14-cv-05022-EMC, 2016 WL 845291, at *2 (N.D. Cal. Mar. 4, 2016) ("Plaintiff's personal belief of discrimination, without any factual support, is insufficient to satisfy federal pleading standards."). Likewise, the statement that "Plaintiff was subjected to condescending, unprofessional conduct" provides nothing more than a speculative conclusory allegation. (Doc. 6 at 2, ¶ 11); *see Brooks v. Newsom*, No. 2:23-cv-0481 DB P, 2023 WL 6728695, at *4 (E.D. Cal. Oct. 12, 2023) ("Conclusory statements of bias are not sufficient to support a claim for race-based discrimination."). Plaintiff must allege specific factual allegations of discriminatory conduct from which the Court can reasonably infer that Desert Financial intentionally discriminated against Plaintiff on the basis of race, and she does not. *See Nachack v. Walmart Inc.*, No. 24-cv-00027-SVK, 2024 WL 3906761, at *2 (N.D. Cal. Aug. 21, 2024) (finding the plaintiff's Title VI claim failed under Rule 12(b)(6) because the plaintiff did not offer sufficient non-conclusory facts showing the plaintiff's race was a motivating factor in the defendant's employee's conduct). Plaintiff's Title VI claim therefore fails.

Finally, Defendants argue that 42 U.S.C. § 1981 is not applicable as the Amended Complaint "does not allege that Plaintiff was seeking to enforce or create a contract with Desert Financial." (Doc. 15 at 3). Section 1981 prohibits the impairment of making and enforcing private contracts. *See* 42 U.S.C. § 1981(a)–(c). "[W]here a plaintiff brings a Section 1981 claim based on the denial of services, the plaintiff must plead facts supporting a reasonable inference that the defendant denied the plaintiff the right to contract for

services because of the plaintiff's race." *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1162 (W.D. Wash. 2016).

Plaintiff does not allege that she was seeking to enforce or create a contract with Desert Financial. Rather, it appears that Plaintiff wanted to participate in a gratuitous service that Desert Financial provides. Plaintiff argues that Section 1981 claims may be "based on discriminatory denial of services connected to transactional relationships." (Doc. 16 at 3 (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001)). But, as Defendants point out, Plaintiff does not allege a requisite element of this claim: the existence of or an interest in establishing a contractual relationship with Desert Financial. (Doc. 20 at 3; *see* Doc. 6); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."). Thus, Plaintiff's claim under 42 U.S.C. § 1981 also fails.

Defendants also move to dismiss the Amended Complaint against Defendants Regan, Maldonado, Arrazola, and Warren ("Individual Defendants") because Plaintiff failed to properly serve them under Federal Rule of Civil Procedure 4(e). (Doc. 15 at 4). For the purposes of this argument, the Court will construe Defendant's Motion to Dismiss as brought under Rule 12(b)(5).[4] *See Dillard*, 2015 WL 1782083, at *3. Although Plaintiff does not contest Defendants' service argument, the Court nevertheless finds Plaintiff's error to be curable. Defendants are actually on notice of this action as they have jointly filed the instant Motion, and Plaintiff re-served Individuals Defendants on January 12, 13, and 14, 2026, and filed proof of service with the Court. (Docs. 21–24). Therefore, this

---

[4] Defendants argue insufficient service of process under Rule 12(b)(6), but the proper vehicle for this argument is Rule 12(b)(5). (Doc. 15 at 4); *see Lammey v. Valdry*, No. 2:20-cv-10655-RGK-AS, 2021 WL 840436, at *3 (C.D. Cal. Feb. 4, 2021) ("[S]ervice of process is not properly raised under Rule 12(b)(6), as improper service does not challenge the legal sufficiency of the complaint."). The Court, nonetheless, finds this argument well taken.

6

Court exercises its discretion to extend the service deadline and finds the renewed service to be timely. *See Dillard*, 2015 WL 1782083, at *3

## IV.    CONCLUSION

In sum, the Court will grant Defendants' Motion to Dismiss to the extent the Amended Complaint fails to state a claim for relief. (Doc. 15). Plaintiff does not show that her request for notary services was related to a credit transaction under the ECOA, nor does Plaintiff show that Desert Financial intentionally discriminated against her in violation of Title VI. Plaintiff also fails to allege the existence of or an interest in establishing a contractual relationship with Desert Financial pursuant to 42 U.S.C. § 1981. The Court, however, will deny the Motion as it relates to improper service of process.

A district court should grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see* Fed. R. Civ. P. 15(a)(2). It does not appear that any set of facts could cure Plaintiff's ECOA or § 1981 claims as Plaintiff's request for a notary service was not related to an application for credit or a contractual relationship with Desert Financial. However, additional facts could cure Plaintiff's Title VI claim. Therefore, leave to amend is appropriate as to the Title VI claim only. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

Accordingly,

**IT IS ORDERED** that the service deadline is extended and the proof of renewed service (Docs. 21–24) is **deemed timely**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 15) is **denied** to the extent it seeks dismissal on 12(b)(5) grounds and **granted** in all other respects.

**IT IS FURTHER ORDERED** that Count I and Count III of the Amended Complaint (Doc. 6) are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Count II of the Amended Complaint (Doc. 6) is dismissed **without prejudice** and **with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint in accordance with this Order no later than **June 24, 2026**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **June 24, 2026**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 26th day of May, 2026.

Honorable Steven P. Logan
United States District Judge

8